USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/9/2026

CHIESA SHAHINIAN & GIANTOMASI PC
Melissa A. Salimbene, Esq.
Abigail J. Remore, Esq.
11 Times Square, 34th Floor
New York, New York 10036
msalimbene@csglaw.com
ajremore@csglaw.com
973.530.2092
*Attorneys for Plaintiffs*
*MSG Knicks, LLC and*
*New York Knicks, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MSG KNICKS, LLC and NEW YORK KNICKS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANIES 1-100,<br><br>Defendants. | Case No. 1:26-cv-9728<br><br>**ORDER TO SHOW CAUSE ON MOTION FOR PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER AND ORDER OF SEIZURE** |

Upon the summons and complaint, the accompanying declarations of Bryan Warner, Esq., Joseph Doherty, and Melissa A. Salimbene, Esq., and the exhibits annexed thereto, the memorandum of law, and such other matters and argument presented to the Court, and good cause having been shown;

**IT IS HEREBY ORDERED** that the defendants, various John Does, Jane Does, and XYZ Companies, their true identities being unknown, show cause before this Court, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, in Courtroom **18C**, on the **23rd** day of **November 2026**, at **10:30 a.m.**, or as soon thereafter as counsel can be heard, why an order should not be entered pursuant to Rule 65 of the Federal Rules of Civil

Procedure, granting to Plaintiffs MSG Knicks, LLC and New York Knicks, LLC (collectively "Plaintiffs") a preliminary injunction enjoining the defendants, various John Does, Jane Does, and XYZ Companies (collectively, "Defendants"), their true identities being unknown, and all those acting in concert with Defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing, T-shirts, hats, jerseys, sweatshirts, accessories and other merchandise (collectively the "Bootleg Merchandise") bearing the names, logos, or trademarks (collectively the "Intellectual Property") associated with the professional basketball team the New York Knicks (the "Knicks);

**AND IT APPEARING TO THE COURT** that Defendants, and those acting in concert with Defendants, have sold, and will continue to sell and distribute, the Bootleg Merchandise bearing Plaintiffs' Intellectual Property associated with the Knicks, as set forth in Plaintiffs' Complaint and supporting papers, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to Plaintiffs before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that Defendants will manufacture, distribute, and sell Bootleg Merchandise, and will continue to do so, and that, unless Defendants are enjoined from said manufacture, distribution, and sale, Plaintiffs will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Intellectual Property, interference with Plaintiffs' ability to exploit, market, and license its merchandising rights respecting the Intellectual Property, confusion in the marketplace as to the duly authorized source of the Bootleg Merchandise, and impairment of the goodwill Plaintiffs have in the Intellectual Property;

**IT IS HEREBY ORDERED** that, sufficient reason having been shown therefor, pending a hearing and determination of Plaintiffs' application for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, or the expiration of fourteen (14) days from the date hereof, whichever shall first occur, Defendants and their agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert with Defendants, be and hereby are temporarily restrained from manufacturing, distributing, and selling the Bootleg Merchandise bearing the Plaintiffs' Intellectual Property associated with the Knicks; and

**IT IS FURTHER ORDERED** that the United States Marshal for this district, the state and the local police, local deputy sheriffs, counsel for Plaintiffs, Plaintiffs' representatives and security personnel, and persons acting under their supervision, are hereby authorized to seize and impound any and all Bootleg Merchandise bearing Plaintiffs' Intellectual Property associated with the Knicks that Defendants, or those acting in concert with Defendants, attempt to sell or are holding for sale in connection with any game or official event of the Knicks during a game (including any carton, container, or other means of carriage in which the Infringing Merchandise is found) from three (3) hours before and (1) hour after any game or other official event of the Knicks during a game within the area not to exceed two (2) blocks north, east, south, or west of the Madison Square Garden arena located in Midtown Manhattan between 7th and 8th Avenues from 31st to 33rd Streets, including but not limited to the next Knicks games on November 10 and November 11; and

**IT IS FURTHER ORDERED** that this temporary restraining order be and is hereby conditioned upon Plaintiffs' filing with the Clerk of this Court an undertaking in the form of a bond, check, cash, or credit card payment in the amount of $___**20,000**_______, to secure the payment of costs and damages, not to exceed such sum, as may be suffered or sustained by any party who

is wrongfully restrained hereby; and

**IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon Plaintiffs advancing to the United States Marshal such sum as is required to cover the fees for their said services only in the event Plaintiffs seek the services of the United States Marshal in this District; and

**IT IS FURTHER ORDERED** that service of copies of this Order to Show Cause, together with the Summons and Complaint, be made upon Defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by Plaintiffs, at the time Plaintiffs or law enforcement direct individual defendants to cease the conduct prohibited herein, and at the time any seizure provided herein is effected.

Mary Kay Vyskocil

Dated: New York, New York
November 9, 2026

MARY KAY VYSKOCIL
United States District Judge



4914-2984-5723