USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 11/23/2026

CHIESA SHAHINIAN & GIANTOMASI PC
Melissa A. Salimbene, Esq.
Abigail J. Remore, Esq.
11 Times Square, 34th Floor
New York, New York 10036
msalimbene@csglaw.com
ajremore@csglaw.com
973.530.2092
*Attorneys for Plaintiffs*
*MSG Knicks, LLC and*
*New York Knicks, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MSG KNICKS, LLC and NEW YORK KNICKS, LLC,

Plaintiffs,

v.

JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANIES 1-100,

Defendants.

Case No.: 1:26-cv-09728-MKV

**ORDER OF PRELIMINARY INJUNCTION AND ORDER OF SEIZURE**

Plaintiffs MSG Knicks and New York Knicks, LLC (collectively, "Plaintiffs") having moved by Order to Show Cause for an injunction enjoining and restraining the Defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise bearing the names, logos or trademarks (collectively, the "Intellectual Property") associated with the New York Knicks (the "Team") and permitting the seizure of such merchandise, and service of the summons and complaint and supporting documents having been effected upon the Defendants; and Plaintiffs' application for a preliminary injunction and order of seizure having come on for a hearing before the Honorable Mary Kay Vyskocil, United States District Judge, on

the 23rd day of November, 2026, at 10:30 a.m. at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007, Courtroom 18C, and Defendants having been notified of said hearing, and Plaintiffs having appeared by their counsel, and there having been no other appearances;

**NOW**, on presentation and consideration of Plaintiffs' application for a preliminary injunction and order of seizure, the declaration submitted in support thereof, and the entire record in this case, the Court finds as follows:

1. By reason of the long, substantial and continuous use of the Team's Intellectual Property, the Intellectual Property has acquired secondary meaning as a source indicator for the Team and for products and services associated with the Team;

2. The Defendants, and those acting in concert or participation with them, have infringed upon Plaintiffs' rights in the Team's Intellectual Property, and have committed acts of unfair competition against the Plaintiffs, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Team's Intellectual Property (the "Bootleg Merchandise") at or around the Madison Square Garden arena (the "MSG Arena") in New York City during the Team's current 2026-2027 season without having obtained a license or any other authorization to do so;

3. The said acts of the Defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a) in that they:

(a) involve goods or services;

(b) are activities which affect interstate commerce; and

(c) are likely to cause confusion or deception as to the origin of the Bootleg Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Team or the Plaintiffs;

4. Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Bootleg Merchandise at the Team's games and official events for the remainder of the season unless enjoined by the Court; and

5. Copies of the Court's November 9, 2026 Order to Show Cause with Temporary Restraining Order; the Summons, Complaint, and supporting documents have been served upon the Defendants, and Bootleg Merchandise has been seized from the Defendants by Plaintiffs or third-party law enforcement.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said Defendants, are enjoined and restrained from:

(i) Using Plaintiffs' Intellectual Property in connection with the sale, offering for sale, distribution, or advertising of any clothing, hats or other merchandise; or

(ii) Manufacturing, distributing, selling, or holding for sale any clothing, hats, or other merchandise which carries or otherwise uses Plaintiffs' Intellectual Property; or

(iii) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that on behalf of Plaintiffs, Plaintiffs or third party law enforcement, including the United States Marshal for this district, the state and the local police, and local deputy sheriffs, and persons acting under their supervision, are hereby authorized to seize and impound any and all Bootleg Merchandise bearing Plaintiffs' Intellectual Property associated with the Team which Defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, attempt to sell or are holding for sale (including any carton, container, or other means of carriage in which the Bootleg Merchandise is

found) in connection with any games or official events of the Team from three (3) hours before through one (1) hour after any game or official event of the Team within the area not to exceed two (2) blocks north, east, south or west of the MSG Arena that is located in Midtown Manhattan between 7th and 8th Avenues from 31st to 33rd Streets through and until the conclusion of the Team's current 2026-2027 season which will end by June 30, 2027.

**IT IS FURTHER ORDERED** that such confiscated Bootleg Merchandise shall be delivered to Plaintiffs' counsel or representatives, or their designees, pending final disposition of this action. All clothing, hats, and other Bootleg Merchandise bearing Plaintiffs' Intellectual Property which is sold, or held for sale, in connection with any game or official event of the Team at or around the MSG Arena in New York City during the Team's 2026-2027 season, shall be deemed to be merchandise subject to the seizure provisions of this order.

**IT IS FURTHER ORDERED** that this preliminary injunction is conditioned upon personal service of a copy of this Order and the Summons and Complaint being made upon the Defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

**IT IS FURTHER ORDERED** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiffs, or to Plaintiffs' authorized representative, pending final disposition of this matter.

**IT IS FURTHER ORDERED** that the injunctive and seizure provisions of this order shall expire upon conclusion of the Team's 2026-2027 season on June 30, 2027, unless otherwise extended by further order of this Court.

**IT IS FURTHER ORDERED** that the undertaking in the amount of $20,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing

the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

**IT IS FURTHER ORDERED** that Plaintiffs shall continue to file affidavits of service as Defendants continue to be served.

**IT IS FURTHER ORDERED** that Plaintiffs shall amend the Complaint with the names of Defendants as they become known to Plaintiffs. Plaintiffs shall have leave to make these amendments so long as they do not otherwise change the substance of the Complaint.

Mary Kay Vyskocil

**Dated: New York, New York**
**November 23, 2026**

**HON. MARY KAY VYSKOCIL, U.S.D.J.**